**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:17-CV-701-DSC**

| | |
|---|---|
| IZELL ANTHONY TWIGGS, )<br>       Plaintiff, )<br>)<br>      vs. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social )<br>Security Administration, )<br>       Defendant. )<br>_____) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #8) and Defendant's "Motion for Summary Judgment" (document #13), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

### I. <u>PROCEDURAL HISTORY</u>

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on December 5, 2017. He assigns error to the Administrative Law Judge (ALJ)'s evaluation of the opinion from his primary care physician Dr.

Kira Colbert. See Plaintiff's "Memorandum ..." at 8-9 (document #9). He also assigns error to the ALJ's formulation of his Residual Functional Capacity ("RFC") and evaluation of his credibility.[1] See Plaintiff's "Memorandum ..." at 8, 9-12 (document #9).

The parties' cross Motions for Summary Judgment are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" as that term is defined for Social Security purposes.[2]

Plaintiff first assigns error to the ALJ's RFC analysis generally, arguing that the ALJ failed "to assess [Plaintiff's] limitations on a function by function basis." Plaintiff's "Memorandum ...at 8 (document #9). Although the ALJ formulated a detailed RFC, Plaintiff challenges only the

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

exertional finding that he could perform light work.³ Id. The ALJ's RFC determination here is supported by Plaintiff's testimony, medical records and treatment history.

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish his RFC by demonstrating how those impairments impact his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

The Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). This explicit function-by-function analysis is not necessary when functions are irrelevant

---

³The ALJ found that Plaintiff had the RFC "to perform light work as defined in 20 C.F.R. § 404.1567(b), except [Plaintiff] can occasionally climb ramps and stairs but never climb ladders ropes or scaffolds. [Plaintiff] should avoid exposure to heat, odors, dust, fumes, gases pulmonary irritants, unprotected heights, and hazardous machinery." (Tr. 16).

4

or uncontested. It is only after that function-by-function analysis has been completed that RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id. Plaintiff does not identify any relevant function that the ALJ failed to assess. The ALJ explained that Plaintiff rarely sought or received treatment. The treatment he did receive was relatively conservative, and medication has been effective in controlling his symptoms. (Tr. 20). see Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that a symptom that can be reasonably controlled by medication or treatment is not disabling). The ALJ also noted that the medical evidence showed relatively normal to mild examination findings. (Tr. 20).

The ALJ noted Plaintiff's heart attack, breathing problems and fatigue, as well as his inability to walk for long periods of time. (Tr. 17). Notwithstanding these alleged impairments, Plaintiff reported that he stopped working because of conflicts with management and not due to any alleged disability. (Tr. 17, 217). A stress test in April 2014 showed no significant findings. (Tr. 18, 433). In June 2014, Dr. Earl J. Epps, Jr. performed a consultative examination which was generally unremarkable. (Tr. 19, 439-443). Dr. Epps noted Plaintiff's history of hypertension and the fact that he was not taking his medication when hospitalized for chest pain in March 2014. (Tr. 441).

The ALJ also noted that Plaintiff was hospitalized in August 2014 for recurrent chest pain with anginal features and placed on restrictions for five days. (Tr. 18, 454, 456). Plaintiff presented with chest pain again in March 2016 after coaching track and field then running for fifteen to twenty yards. (Tr. 18, 526). Examination notes from that visit revealed both normal EKG results and pulmonary imaging. (Tr. 18, 528). The ALJ considered Plaintiff's non-compliance with medication. (Tr. 18, 570). In May 2016, despite Plaintiff's complaints of chest pain, no additional

treatment was recommended. There were normal findings and imaging of the chest was unremarkable. (Tr. 18, 974-975, 993). Treatment records continued to document issues with medication compliance and ongoing advice to stop smoking. (Tr. 18, 1001). A physical examination from August 2016 showed normal results. (Tr. 18, 1048-1049). Plaintiff presented to the emergency department in October 2016 with complaints of chest discomfort, weakness, and nausea. Physical examination revealed only mild epigastric tenderness without evidence of peritonitis. (Tr. 18, 1090). The ALJ thoroughly discussed the medical record which provides substantial evidence to support the RFC finding.

Plaintiff generally challenges the ALJ's failure to give controlling weight to Dr. Colbert's opinion. Document #9 at 8. Rather than identify any specific limitations that support a finding of disability, Plaintiff states only that "[t]he limitations outlined by Dr. Colbert would limit [Plaintiff] to less than sedentary work and result in a finding of disability." Id.

Under the relevant regulations, an opinion from a treating source on the nature and severity of a claimant's impairments may be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record. See 20 C.F.R. § 416.927(c)(2); Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

The ALJ acknowledged that Dr. Colbert's medical source statement limited Plaintiff to sedentary work and contained other postural, manipulative, and environmental limitations. He assigned partial weight to Dr. Colbert's findings. (Tr. 19). The ALJ considered that parts of Dr. Colbert's functional assessment were inconsistent with the record. 20 C.F.R. § 404.1527(c)(3), (c)(4). For example, nothing in the record supported manipulative limitations. (Tr. 19, 1159). The

ALJ found that the functional limitations articulated by Dr. Colbert were not supported by the largely normal results of Plaintiff's physical examinations. (Tr. 19). The ALJ thoroughly discussed the medical records relevant to Plaintiff's impairments and alleged limitations, as well as the course of treatment, treatment modalities, physical examination results, diagnostic test results, and medical opinions. (Tr. 16-20). Substantial evidence supports the ALJ's treatment of Dr. Colbert's opinion.

Finally, Plaintiff challenges the ALJ's credibility determination. The Court finds that he applied the correct legal standard and his credibility determination is supported by substantial evidence. Substantial evidence supported the ALJ's conclusion that Plaintiff's symptoms were not as disabling as alleged.

Consistent with the governing regulations, the ALJ considered Plaintiff's subjective statements as to the limitations caused by his impairments (Tr. 16, 19-20); see 20 C.F.R. § 404.1529 (setting out a two-part standard for evaluating a claimant's subjective complaints). After summarizing those subjective statements (Tr. 17), the ALJ discussed the objective evidence of record (18-19) as well as the opinion evidence of record (Tr. 18-19). The ALJ adequately explained his finding that the evidence did not support the degree of limitation that Plaintiff alleged.

Although the medical records establish that Plaintiff experienced health issues to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57. Substantial evidence exists to support the ALJ's assessment of the medical records, Plaintiff's credibility, and his ultimate determination that Plaintiff was not disabled.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion For Summary Judgment" (document #8) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #13) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: August 10, 2018

David S. Cayer
United States Magistrate Judge